ERNEST G. OESTERLE, Respondent, v. A. N. LAVIK, Motor Vehicle Registrar, Appellant.

(52 NW2d 297)

Opinion filed February 26, 1952. Rehearing denied March 21, 1952

*E. T. Christianson,* Attorney General, *C. E. Brace, Clair M. Ghylin* and *Paul W. Buehler,* Assistant Attorneys General, for appellant.

*William R. Mills,* for respondent.

*William R. Mills,* for respondent.

BURKE, J. In February, 1950, the petitioner herein paid to the respondent, Motor Vehicle Registrar, the tax, levied by Section 57-4012 NDRC 1943, on a Pontiac Sedan owned by him. He disputed the applicability of the tax to his motor vehicle claiming an exemption under the provisions of Section 57-4010 NDRC 1943. However, in order to secure his 1950 motor vehicle license, he paid the tax under protest. In September of 1950 he petitioned the District Court of Burleigh County for a writ of mandamus directing the Motor Vehicle Registrar to refund the amount of the tax claimed to have been illegally exacted. The Attorney General, appearing on behalf of the Motor Vehicle Registrar demurred to the petition. This demurrer was evidently withdrawn for an answer was filed before any action was taken concerning it, and the trial judge stated in his memorandum opinion: "Both sides agree that no objection is made to the form of action, so I do not rule on the propriety of the form of action." Apparently the only issue decided by the trial court was the applicability of the tax to the petitioner's vehicle. This issue was decided in favor of the petitioner and judgment was entered directing the issuance of the writ as prayed for. Respondent has appealed from that judgment and upon the appeal specifies no error other than that the trial court erred in holding. that petitioner's motor vehicle was exempt from the tax levied by Section 57-4012.

In the circumstances we are loath to dispose of this appeal on procedural grounds, but in our view, we have no alternative. The motor vehicle registrar is only the collector of this tax. He is not the custodian of the moneys collected, nor is he a disbursing officer. By Statute (sec 57-4014, NDRC 1943) "All moneys accruing by virtue of section 57-4012, promptly on collection, shall be paid * * * to the state treasurer and by him shall be transferred and credited to the motor vehicle registration fund." If the respondent complied with this statute, and we must assume he did, by the time the petitioner filed his petition, the tax paid

had long since passed out of the control of the respondent and into the control of the state treasurer.

Section 186 of the Constitution provides:

"(1) All public moneys, from whatever source derived, shall be paid over monthly by the public official, employee, agent, director, manager, board, bureau, or institution of the State receiving the same, to the State Treasurer, and deposited by him to the credit of the State, and shall be paid out and disbursed only pursuant to appropriation first made by the Legislature; provided, however, that there is hereby appropriated the necessary funds required * * * for refunds made under the provisions of the Retail Sales· Tax Act, and the State Income Tax Law, and the State Gasoline Tax Law, and the Estate and Succession Tax Law, * * *.

(2) No bills, claims, accounts, or demands against the State * * * shall be audited, allowed, or paid until a full itemized statement in writing shall be filed with the officer or officers whose duty it may be to audit the same, and then only upon warrant drawn upon the Treasurer of such funds by the proper officer or officers."

The fact that the foregoing section of the Constitution makes an appropriation for refunds of taxes in certain named categories, clearly indicates that any claim for a refund of taxes is a claim which is subject to the limitations of the section. That is to say, that moneys paid as taxes, even though the taxes are disputed and paid under protest, are included within the term public moneys as used in the constitutional provision. · The legislature has evidently considered such to be the effect of the constitutional provisions for in 1949 and 1951, the legislative assemblies made appropriations of $1500.00 and $1000.00 respectively for refunds of taxes collected by the Motor Vehicle Registrar. (See Chap. 41, Laws of ND 1949 and Chap. 46, Laws of ND 1951.) These appropriations were not for refunds which had been previously allowed, but for claims for refunds.to be allowed during the biennia to which the appropriations were applicable.

We think consideration of the constitutional provisions and the statutes, above set forth, leads inevitably to the conclusion that all taxes collected, whether disputed and paid under pro-

test, or not, when paid over to the state treasurer, become a part of the particular state fund to which they are allocated by statute and that refunds of taxes collected can only be made from funds specifically appropriated for that purpose. Certainly in cases where specific appropriations have been made, as in this case, it would not seem reasonable to say that a refund should be paid otherwise than out of the appropriation that has been made for that purpose. Since the refund petitioner seeks must come from an appropriation, it can be made only in accordance with subsection 2 of Section 186 of the Constitution. Petitioner must file his claim with the state auditing board. If the claim is approved it will be paid out of the appropriation made for that purpose, by a warrant drawn by the State Auditor upon the State Treasurer. If this claim is disallowed, his remedy is by suit against the state. Ford Motor Co. v. State, 59 ND 792, 231 NW 883.

It is obvious from what we have said above that to issue a writ of mandamus, directing the Motor Vehicle Registrar to refund the tax paid by the petitioner, would be to direct him to perform an act which is prohibited by the Constitution. The judgment of the district court must therefore be reversed and the proceeding dismissed.

MORRIS, C. J., GRIMSON and CHRISTIANSON, JJ., and MILLER, Dist. J., concur.

SATHRE, J., being disqualified, did not participate, Hon. Harvey J. Miller, Judge of Sixth Judicial District, sitting in his stead.